Filed 1/20/26  P. v. Knotts CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C103287 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2500026) |
| v. | |
| WALTER ERVINE KNOTTS III, | |
| Defendant and Appellant. | |

Defendant pled no contest to grossly negligent discharge of a firearm and making criminal threats, and the trial court imposed a sentence of two years in prison.  At the sentencing hearing, the trial court incorrectly informed defendant that a three-year term of parole would follow his release.  On appeal, defendant contends "the record must [be] clarified to reflect a period of parole supervision of two years."  The People respond that no such clarification is necessary.  We agree with the People and affirm.

1

## I. BACKGROUND

Defendant pled no contest to grossly negligent discharge of a firearm (Pen. Code, § 246.3, subd. (a))[1] and making criminal threats (§ 422). The trial court imposed a lower term sentence of 16 months in prison for grossly negligent discharge of a firearm plus eight months in prison for making criminal threats. After sentencing defendant, the trial court stated: "At some point in time before the end of your term, you will be released on parole. Parole will last for 3 years. Unless you violate, then it gets extended to 4. Parole will advise you of the actual term you will have on parole." The minute order from the sentencing hearing states, as relevant here, "Parole Advisement given."

Defendant filed a timely notice appealing from the judgment.

## II. DISCUSSION

Defendant contends the trial court misadvised him about the length of his upcoming parole term. The People contend that the court did not necessarily misadvise defendant because the law is ambiguous. The People further argue that, whether the court got the length of the parole term wrong or not, it lacked the authority to set the length of defendant's parole term. We agree with this last contention. Because the trial court's advisement has no effect on the length of defendant's parole term, we need not clarify or modify the judgment.

The Department of Corrections and Rehabilitation and the Board of Parole Hearings determine the length of a term of parole for prisoners like defendant who were convicted of serious or violent felonies and serving a determinate prison sentence. (§§ 3000, subd. (b) & (b)(7), 3000.01, subd. (b)(1), 3000.08, subd. (a); *In re Lira* (2014) 58 Cal.4th 573, 584; *People v. Tilley* (2023) 92 Cal.App.5th 772, 779 ["The sentencing court does not have authority to set or alter the applicable term of parole so

---

[1] Undesignated statutory references are to the Penal Code.

established"].)  Accordingly, any error by the trial court in advising defendant about the length of his parole term cannot affect his substantial rights.

When hearing an appeal in a criminal matter, we "must give judgment without regard to technical errors or defects, or to exceptions, which do not affect the substantial rights of the parties."  (§ 1258; see also Cal. Const., art. VI, § 13.)  Because the only error complained of cannot affect defendant's substantial rights, we must affirm the judgment.

### III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, Acting P. J.

We concur:

/S/

_____

BOULWARE EURIE, J.

/S/

_____

FEINBERG, J.